IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LEWIS CLAY SHULER, JR., #606408, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) NO. 3:23-cv-00458 |
| ADAM C. WEEKS, et al., | ) ) JUDGE CAMPBELL |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Lewis Shuler, a state inmate in custody at the Morgan County Correctional Complex in Wartburg, Tennessee, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1, "the Complaint") and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 7.)

The case is before the Court for ruling on Plaintiff's IFP application and for an initial review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. APPLICATION TO PROCEED IFP

A prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's submission that he lacks sufficient financial resources to pay the full filing fee in advance, his application to proceed IFP in this matter (Doc. No. 7) is **GRANTED** and a $350 filing fee[1] is **ASSESSED**.

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a)

---

[1] While prisoners who are not granted pauper status must pay a total fee of $402—a civil filing fee of $350 plus a civil administrative fee of $52—prisoners who are granted pauper status are only liable for the $350 civil filing fee. *See* 28 U.S.C. § 1914(a)–(b) and attached District Court Miscellaneous Fee Schedule, provision 14 (eff. Dec. 1, 2020).

20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

### A. Legal Standard

The Court must dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b). The review for whether the Complaint states a claim asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), they must still

"plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

Plaintiff filed this action under 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012).

**B. Analysis of the Complaint**

Plaintiff sues multiple officers of the Nashville Police Department, as well as his trial and appellate attorneys, the prosecuting attorneys, and the state-court judge who presided over his criminal proceedings (*see* Doc. No. 1 at 2–4), claiming that his federal constitutional rights were violated when he was arrested in his home without a warrant or probable cause on June 16, 2017; falsely imprisoned thereafter on a homicide charge for which he had a preliminary hearing on June 26, 2017 and, eventually, a jury trial; and otherwise subjected to malicious prosecution because the case against him relied on "false information" gleaned from a post-arrest interview he gave at "East Precinct" while intoxicated. (*Id.* at 3, 5–11.) Noting that his earlier § 1983 lawsuit claiming false arrest was dismissed because he failed to allege that he was arrested or detained without probable cause, Plaintiff in the instant Complaint explicitly alleges a lack of probable cause at the time of arrest. (*See id.* at 12 (citing *Shuler v. Doe, et al.*, No. 3:18-cv-00854, dismissed on Nov. 20, 2018).) As relief, he asks this Court to enjoin the Davidson County Criminal Court to hold a probable cause hearing (with Plaintiff in attendance), in addition to seeking compensatory and punitive damages. (*Id.* at 13–14.)

The Court must dismiss this action for failure to state a claim upon which relief may be granted. Plaintiff properly asserts federal constitutional claims against state and local officials under § 1983. However, a one-year statute of limitations applies to § 1983 claims arising in Tennessee, per Section 28-3-104(a) of the Tennessee Code. *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005); *see also Ford v. Westbrooks*, No. 3:18-cv-01273, 2019 WL 2395527, at *4 (M.D. Tenn. June 6, 2019) ("Sixth Circuit precedent 'has long made clear that the limitations period for § 1983 actions arising in Tennessee is the one-year limitations provision found in Tenn. Code Ann. § 28-3-104(a).'") (quoting *Porter v. Brown*, 289 F. App'x 114, 116 (6th Cir. 2008)). The Complaint in this case was filed in May of 2023, but is wholly concerned with events that occurred in 2017, when Plaintiff was arrested, jailed, and brought to a preliminary hearing where the arresting officer first testified about events that occurred at East Precinct following Plaintiff's arrest.

Although the statute of limitations is an affirmative defense that typically does not result in a pre-answer dismissal, when "the allegations in the complaint affirmatively show that the claim is time-barred," it is appropriate to dismiss for failure to state a claim on that basis. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]")). Moreover, "in the context of a statutorily-required initial screen, '[w]hen a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint as frivolous is appropriate.'" *Campbell v. Chambers-Smith*, No. 2:21-cv-4055, 2021 WL 4033162, at *4 (S.D. Ohio Sept. 3, 2021) (quoting *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002)); *see also*, *e.g.*, *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (concluding "that

4

the district court [on initial review under the PLRA] properly dismissed as frivolous Plaintiff's claims arising out of his incarceration at HCCF inasmuch as any such claim is barred by the applicable statute of limitations") (citing Tenn. Code Ann. § 28-3-104(a)(3)).

Here, the untimeliness of Plaintiff's claims is obvious from the face of the Complaint. His cause of action for false arrest/imprisonment accrued, and the statute of limitations began to run, at the latest, when his detention without a warrant or other legal process (such as an arraignment or preliminary hearing) ended—in 2017. *See Wallace v. Kato*, 549 U.S. 384, 388–90 (2007) (finding that false arrest "is a species of" false imprisonment, and that the petitioner's longer period of false imprisonment ended "when legal process was initiated against him, and the statute would have begun to run from that date"). The one-year period for filing such claims thus expired more than five years ago.

Moreover, to the extent that Plaintiff's malicious prosecution claim refers to proceedings that followed Plaintiff's detention pursuant to legal process and involved the State's use of falsified evidence,[2] such a claim does not accrue at the time the prosecution is initiated, but only when the prosecution terminates in the claimant's favor. *McDonough v. Smith*, 139 S. Ct. 2149 (2019); *see King v. Harwood*, 852 F.3d 568, 578–79 (6th Cir. 2017) (noting that, because favorable termination is an element of a malicious prosecution claim, such a claim "is not available before the favorable termination of criminal proceedings"). Because the criminal proceedings against Plaintiff resulted in his conviction and have not subsequently been determined favorably to him, he cannot at this time assert a viable § 1983 claim for malicious prosecution based on falsified evidence.

---

[2] *See* Doc. No. 1 at 7 (describing development of "false information" during East Precinct interview that was "then used within the Affidavit of Complaint" by the arresting officer, who testified at the preliminary hearing and at trial).

## III. CONCLUSION

For the reasons given above, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B), as legally frivolous and for failure to state a claim upon which relief can be granted.

This is the final Order denying all relief in this matter. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b). The Court **CERTIFIES** that any appeal from this Order would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE